UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 17, 2019

LETTER TO COUNSEL

RE: *Mary S. v. Commissioner, Social Security Administration*;
Civil No. SAG-18-762

Dear Counsel:

On March 14, 2018, Plaintiff Mary S. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment, and Plaintiff's reply. ECF 16, 21, 22. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed her claims for benefits in June, 2015, alleging an onset date of July 5, 2014. Tr. 219-28. Her claims were denied initially and on reconsideration. Tr. 129-36, 140-43. A hearing was held on April 6, 2017, before an Administrative Law Judge ("ALJ"). Tr. 31-57. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 13-24. The Appeals Council ("AC") denied Plaintiff's request for further review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "cervical radiculopathy; chronic pain of the left upper and lower extremities; meralgia paresthetica; bipolar disorder; and generalized anxiety disorder." Tr. 16. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except can never climb ladders, ropes or scaffolds, can occasionally climb ramps and stairs, and can occasionally stoop, crouch, kneel, and crawl. The claimant is limited to frequent pushing and pulling with the left lower extremity, and frequent reaching, handling, fingering and feeling with the left upper extremity. The claimant can perform simple, routine, repetitive work in an environment with few, if any, workplace changes. The claimant can have occasional interaction with supervisors and co-workers, but cannot perform work involving teamwork. The

      claimant can have incidental public interaction, but cannot provide direct customer service.

Tr. 18. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform her past relevant work, but could perform other jobs existing in the national economy. Tr. 22-24. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 24.

      Plaintiff makes two primary arguments on appeal: (1) that the ALJ did not properly consider Listing 1.04; and (2) that the ALJ's RFC assessment was flawed and runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). I agree that the ALJ's analysis did not comply with *Mascio,* and I therefore grant remand under sentence four.

      Beginning with the successful argument, in *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Id.* At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2017). Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00 (2017). The relevant listings therein consist of: (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria," which relate to "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. *Id.* §§ 12.00(A), (G). A claimant's impairments meet the listings relevant to this case by satisfying either the paragraph A and paragraph B criteria, or the paragraph A and paragraph C criteria. *Id.* § 12.00(A).

      Paragraph B consists of four broad functional areas assessing the ability to: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. *Id.* § 12.00(A)(2)(b). The functional area of concentration, persistence, or pace "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." *Id.* § 12.00(E)(3).

      The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 404.1520a(b), (c)(2), 416.920a(b), (c)(2) (2017). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. *Id.* §§ 404.1520a(c)(4), 416.920a(c)(4). A moderate limitation signifies the claimant has only a fair ability to function in the relevant area of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(F)(2)(c) (2017).

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

At step three in the instant case, the ALJ found that Plaintiff had moderate limitations maintaining concentration, persistence, or pace. Tr. 17. The ALJ's analysis stated:

> With regard to concentrating, persisting, or maintaining pace, the claimant has moderate limitations. The examiner noted in November 2015 that the claimant remembered two out of three items on memory tasks and made one mistake on the serial sevens. Another examiner similarly noted in April 2016 that the claimant scored two of three on concentration and memory testing and was able to spell the word "world" forwards and backwards without difficulty.

*Id.* (internal citations omitted).

The RFC analysis contains a brief summary of Plaintiff's mental health treatment records. Tr. 20. In contrast to the finding of "moderate limitations," the ALJ cited two specific treatment records suggesting no "deficits in attention, concentration or memory." *Id.* It appears, though, that the ALJ intended to credit the opinions of the non-examining State agency psychological consultants with respect to Plaintiff's concentration, persistence and pace. The ALJ noted that one such consultant opined that Plaintiff "is capable of sustaining concentration, persistence and pace to complete simple tasks on a normal 8 hours/day 5 days/week with customary breaks." Tr. 21. The ALJ further noted that the other State agency consultant suggested that Plaintiff could "understand, retain, and carry out simple instructions and can usefully perform routine tasks on a sustained basis with minimal (normal) supervision." *Id.* The ALJ assigned "some weight" to those physicians' opinions as they pertained to "the limitations on understanding and memory, concentration, persistence and pace and adaptation," although she assigned less weight to their opinions regarding Plaintiff's capacity for social interaction. *Id.*

Overall, in the step three section of the opinion and in the RFC assessment, the ALJ provided no specific analysis regarding her reasons for finding that Plaintiff has a moderate

limitation in concentration, persistence, or pace, instead of mild or no limitation. Although the ALJ is not required by *Mascio* to provide that type of explanation, without one, I am unable to understand the nature of Plaintiff's moderate limitation, and unable to determine whether the ALJ's RFC assessment had to incorporate specific conditions to accommodate it. The ALJ's step three explanation only listed Plaintiff's scores on various objective tests, without specifying the precise nature of the testing and whether the complexity of the tasks presented to Plaintiff had any bearing on her scores. Tr. 17. Moreover, while isolated testing may be able to measure a claimant's concentration, it is not generally dispositive of a claimant's ability to persist or sustain pace over an eight-hour workday. The ALJ's entire opinion contains almost no discussion of Plaintiff's ability to sustain work at any particular pace, although the ALJ does quote one State agency consultant's opinion that Plaintiff "is currently reactive to stressors, and would do best in a low productivity demand work setting." Tr. 21. The ALJ's RFC assessment contained no limitations relating to stress or to productivity demand. In sum, it appears that the ALJ relied upon the assessments from the two State agency consultants in determining that no limitation would be needed to address Plaintiff's moderate limitation in concentration, persistence, or pace. However, it is unclear that both State agency consultants believed Plaintiff capable of sustaining all routine, unskilled work at a competitive pace, given the suggestion that she "would do best in a low productivity demand work setting," and it is unclear, in the absence of sufficient explanation, whether the moderate limitation assessed by the ALJ at step three required further RFC limitations.

Ultimately, the restriction to "simple, routine, repetitive work," Tr. 18, is directly analogous to the language deemed insufficient in *Mascio,* and addresses only Plaintiff's inability to perform complex tasks, not her ability to sustain work over a full eight-hour workday. Additionally, the RFC provisions that Plaintiff is limited to "few, if any, workplace changes. The [Plaintiff] can have occasional interaction with supervisors and co-workers, but cannot perform work involving teamwork. The [Plaintiff] can have incidental public interaction, but cannot provide direct customer service," Tr. 18, appear designed to address Plaintiff's limitations in paragraph B criteria other than the ability to concentrate, persist, or maintain pace. *See* 20 C.F.R Pt. 404, Subpt. P, App. 1, § 12.00(E) (defining the ability to interact with others as the ability to "relate to and work with supervisors, co-workers, and the public," and providing an example of the ability to adapt or manage oneself as "adapting to changes"). Without any analysis provided by the ALJ, I am unable to ascertain whether the RFC assessment would permit a person with Plaintiff's limitations to sustain a competitive pace, with only normal breaks. In light of these inadequacies, I must remand the case to the SSA for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Because the case is being remanded on other grounds, I need not address Plaintiff's arguments regarding the application of Listing 1.04. On remand, the ALJ can consider those arguments and determine whether additional discussion of the criteria of that listing would be warranted.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order will issue.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge